HENRIETTA BIEWENER, EXECUTRIX, ESTATE OF FREDERICK W. BIE-WENER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30185. Promulgated September 15, 1930.

*Porter McLaughlin, Esq.,* for the petitioner.
*Frank T. Horner, Esq.,* for the respondent.

MEMORANDUM OPINION.

SEAWELL: This proceeding involves a deficiency in estate tax as determined by the Commissioner in the amount of $1,103.12 and has for its only issue the question of including in the gross estate of the decedent the wife's share of the community property owned by the marital community at the death of the decedent. A further issue was raised in the petition with respect to the failure of the Commissioner to allow certain deductions on account of State, county, and rity taxes, but the assignment of error on account thereof was waived by the petitioner in a stipulation filed at the hearing.

Frederick W. Biewener (hereinafter referred to as decedent) died on July 17, 1925. Subsequent to his death, the Superior Court of California found that the entire estate was community property and that his widow's share, or one-half thereof, was not subject to the

State inheritance tax. The Commissioner included the entire value of the community property in the gross estate of the decedent for estate-tax purposes, whereas the petitioner contends that only one-half should be included.

The foregoing action of the Commissioner is affirmed on the authority of *Griffith Henshaw, Executor,* 12 B. T. A. 1441 (affd., *Henshaw* v. *Commissioner of Internal Revenue,* 31 Fed. (2d) 946, and certiorari denied, *Henshaw* v. *Lucas, Commissioner of Internal Revenue,* 280 U. S. 43A). The fact that the State of California determined that one-half of the value of the gross estate was exempt from its State inheritance tax would not be conclusive as to the value to be included for the Federal estate tax with which we are concerned.

*Judgment will be entered for the respondent.*